# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **Z.B.**

**No. 18-0524** (Mingo County 17-JA-94)

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father H.B., by counsel Susan Van Zant, appeals the Circuit Court of Mingo County's May 10, 2018, order terminating his parental rights to Z.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Cullen C. Younger, filed a response on behalf of the child also in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the mother after the mother tested positive for drugs when giving birth to Z.B., who suffered from withdrawals. Regarding petitioner, the DHHR alleged that he was not an appropriate caretaker because he was aware of the mother's substance abuse and failed to protect the child. In fact, petitioner knew that the mother had a significant history of Child Protective Services ("CPS") involvement, including prior proceedings wherein her parental rights to an older child were involuntarily terminated in 2015 due to similar circumstances, because he was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The guardian's response to this Court failed to cite to any authority in support of his argument or the record on appeal. We refer the guardian to Rules 10(d), 10(e), and 11(i) of the Rules of Appellate Procedure, which require briefs in abuse and neglect appeals to contain a section on the status of the children and require all respondents' briefs and summary responses to contain responses to each assignment of error and appropriate citations to both relevant authority and the record on appeal. We caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

originally listed as the father in that case until paternity testing revealed that he was not the father and he was dismissed from the case. The mother also voluntarily relinquished her parental rights to two other children around 2012. As such, the DHHR concluded that aggravated circumstances existed due to the mother's prior involuntary termination of parental rights.

Later in September of 2017, the circuit court held a preliminary hearing. The DHHR presented the testimony of a CPS worker, who testified that she believed petitioner had knowledge of the mother's drug abuse due to his limited participation in the prior proceedings. The worker admitted that the parents reported that they were separated and had not lived together for two months prior to the child's birth. However, the worker did not believe the parents' claims were credible in light of the fact that petitioner was at the hospital for the child's birth and that the mother moved in with him following the birth. The circuit court found that there was probable cause to file the petition.

The circuit court held an adjudicatory hearing in November of 2017. The DHHR moved the circuit court to take judicial notice of all prior testimony, findings of fact, and conclusions of law, which the circuit court granted without objection. No witnesses were presented. Ultimately, the circuit court adjudicated petitioner as an abusing parent and granted him a post-adjudicatory improvement period.

In December of 2017, the circuit court held a review hearing, during which the guardian moved the circuit court to revoke petitioner's post-adjudicatory improvement period due to his failure to participate in the proceedings. The circuit court granted the motion.

The circuit court held a dispositional hearing in January of 2018 in which it took judicial notice of the prior orders, findings of fact, and testimony in the matter. Petitioner failed to attend but was represented by counsel. The DHHR presented the testimony of the caseworker, who testified that she recommended termination of parental rights due to petitioner's failure to participate in the proceedings. Based upon petitioner's complete lack of effort and failure to participate in his improvement period, the circuit court found that there was no reasonable likelihood that he could correct the conditions of abuse in the near future and that the child's best interest necessitated termination of parental rights. It is from the May 10, 2018, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[3]Both parents' parental rights were terminated below. The child was placed in a foster home with a permanency plan of adoption therein.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights. Petitioner alleges that the petition contained no allegations against him and that the DHHR failed to present sufficient evidence during the proceedings below. Specifically, he avers that the DHHR failed to present evidence that he abused the child or that he failed to participate in his improvement period. We find petitioner's argument to be without merit.

First, the petition did contain allegations against petitioner. The petition stated that petitioner was an inappropriate caregiver for the child because he knew of the mother's substance abuse and failed to protect the child. As such, it is clear that there were allegations against petitioner contained in the petition. Moreover, petitioner fails to demonstrate that he objected to the sufficiency of the petition during the proceedings below. Therefore, petitioner has waived his right to raise this issue on appeal and is entitled to no relief in this regard. *See State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ("This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal.").

Second, the DHHR presented sufficient evidence upon which to adjudicate petitioner as an abusing parent. We have previously noted as follows:

At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. . . . The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

*In re F.S.*, 233 W.Va. 538, 544, 759 S.E.2d 769, 775 (2014). Further,

[w]hen a child is born alive, the presence of illegal drugs in the child's system at birth constitutes sufficient evidence that the child is an abused and/or neglected child, as those terms are defined by W.Va. Code § 49-1-201 (2015) (Repl. Vol. 2015), to support the filing of an abuse and neglect petition pursuant to W. Va. Code § 49-4-601 (2015) (Repl. Vol. 2015).

Syl. Pt. 1, *In re A.L.C.M.*, 239 W.Va. 382, 801 S.E.2d 260 (2017). In *A.L.C.M.*, we found that "with respect to [the father's] alleged failure to stop [the mother's] illegal drug use during her pregnancy, the statutes governing abuse and neglect proceedings allow a finding of abuse to be

3

based upon a parent's knowledge that another person is harming his/her child." *Id.* at 392, 801 S.E.2d at 270. Pursuant to West Virginia Code § 49-1-201, "'[a]bused child' means: (1) [a] child whose health or welfare is being harmed or threatened by: (A) *A parent, guardian, or custodian who . . . knowingly allows another person* to inflict, physical injury or mental or emotional injury, upon the child or another child in the home. . . ." (emphasis added).

Here, the record demonstrates that petitioner knew of the mother's substance abuse and failed to protect the child. In fact, the DHHR presented testimony that established that petitioner was named as a respondent father in prior abuse and neglect proceedings involving the mother wherein she gave birth to a drug-affected baby. While petitioner was eventually dismissed from the case, he was aware of the situation and continued his relationship with the mother, leading to the birth of Z.B., who was also drug-affected. Based on this evidence, we find that petitioner's assertions that he did not know of the mother's drug abuse are incredible. *See* Syl. Pt. 7, *W.Va. Dep't of Health & Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996) ("The term 'knowingly' as used in West Virginia Code § 49-1-3(a)(1) (1995) [now W.Va. Code § 49-1-201] does not require that a parent actually be present at the time the abuse occurs, but rather that the parent was presented with sufficient facts from which he/she could have and should have recognized that abuse has occurred."). Accordingly, we find that the circuit court properly adjudicated petitioner upon sufficient evidence that he knew of the mother's long history of substance abuse and failed to protect the child.

Finally, we find no error in the circuit court's termination of petitioner's parental rights. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) sets forth that a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Contrary to petitioner's assertions, the record clearly demonstrates that he failed to participate in his post-adjudicatory improvement period. At the status hearing held in December of 2017, the guardian recommended that petitioner's improvement period be revoked due to his failure to participate. Thereafter, petitioner failed to attend his dispositional hearing and a caseworker testified that petitioner failed to participate in services and maintain contact with the DHHR. Despite having the opportunity to present evidence, petitioner failed to do so.

> "'Because the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.' Syl. Pt. 2, *West Virginia Dept. of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996)." Syl. Pt. 2, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002).

4

Syl. Pt. 2, *In re K.P.*, 235 W.Va. 221, 772 S.E.2d 914 (2015). In light of petitioner's failure to present any evidence demonstrating that he participated during the proceedings below, we find that the circuit court correctly terminated his parental rights upon findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination was necessary for the child's welfare.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 10, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment